SELDON B. GRAHAM, JR. & PATRICIA N. GRAHAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graham v. Commissioner
Docket No. 17795-94
United States Tax Court
T.C. Memo 1995-114; 1995 Tax Ct. Memo LEXIS 123; 69 T.C.M. (CCH) 2126; March 21, 1995, Filed *123 An order granting respondent's Motion for Summary Judgment and denying petitioners' Motion for Summary Judgment will be entered Seldon B. Graham, Jr. and Patricia N. Graham, pro sese. For respondent: Joni D. Larson and Kevin M. Curran. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
This matter is before the Court on the parties' cross-Motions for Summary Judgment. As explained in more detail below, we agree that the matter is ripe for summary judgment. Background
Seldon B. Graham, Jr. and Patricia N. Graham (petitioners) filed a joint 1991 income tax return (Form 1040). By notice of deficiency dated July 7, 1994, respondent determined a deficiency in the amount of $ 2,102 in petitioners' *124 1991 income tax. The deficiency arises from respondent's determination that Seldon B. Graham, Jr. (petitioner) failed to report and pay self-employment tax with respect to the income that he earned practicing law. Petitioners invoked this Court's jurisdiction by filing a timely petition for redetermination. [2] Petitioners dispute respondent's determination on the ground that they were misled, in completing their 1991 income tax return, by an instruction provided by the Internal Revenue Service (IRS). The instruction relates to the entry to be made on line 47 (Self-employment tax) of page 2 of petitioners' Form 1040, U.S. Individual Income Tax return, and states as follows: If you had self-employment income in 1991, and earned under $ 125,000 in wages from which social security tax, Medicare tax, or railroad retirement (RRTA) tax was withheld, you may owe self-employment tax. Please see Schedule SE (Form 1040) and its instructions. If you owe self-employment tax, enter the amount from Schedule SE on line 47.
*125 Focusing on the foregoing instruction, petitioners included the following statement in their petition: Internal Revenue Service Instructions, page 25: "If you had self-employment income in 1991, and earned under $ 125,000 in wages from which social security tax, Medicare tax, or railroad retirement (RRTA) tax was withheld, you may owe self-employment tax." Pursuant to these unambiguous provisions, since I did not earn wages in 1991, I did not owe self-employment tax. Appeals Officer agreed that instructions were defective in causing a non-wage earner to be instructed as to self-employment tax liability. See Suggestion attached hereto. Words should be interpreted where possible in their ordinary, everyday senses. . The words in the Instructions say that we do not owe self-employment tax. The words say: May owe tax IF self-employment income AND earned wages. This is not ambiguous. English professors will agree: No wages; no tax. We were just following the Instructions of the Internal Revenue Service. Taxpayers should not suffer because they carefully follow the Instructions of the *126 Internal Revenue Service.
Attached to the petition is a 2-page document titled "Quality Improvement Project Suggestion" which appears to have been prepared by Humberto Ramirez, an appeals officer assigned to the IRS Southwest Region Appeals Office. In the document, Appeals Officer Ramirez expresses his concern that the instruction for line 47, quoted above, is "vague, ambiguous and difficult to understand", and he suggests language to clarify the instruction. After filing an answer to the petition, respondent filed a Motion for Summary Judgment. Respondent's motion was subsequently scheduled for hearing in Washington, D.C. Prior to the hearing, petitioners filed a cross Motion for Summary Judgment and a statement pursuant to Rule 50(c) setting forth their objection to respondent's motion. Counsel for respondent appeared at the hearing and presented argument on the pending motions. The parties' motions, and the exhibits attached thereto, show that petitioner is an attorney who reports self-employment income and expenses on Schedule C (Profit or Loss From Business). The Schedule C attached to petitioners' 1991 income tax return includes an entry on line 31 in the amount of *127 $ 17,350 for net profit from petitioner's law practice. There is no entry for "Wages, salary, tips, etc." on line 7 of the first page of petitioners' Form 1040. Respondent moves for summary judgment on the ground that petitioner earned income that is subject to self-employment tax under section 1401. Respondent disagrees with petitioners' contention that the instruction in question is incorrect or misleading. Moreover, respondent contends that the instruction cannot serve to relieve petitioners of their liability for self-employment tax or otherwise preclude respondent from determining a deficiency in this proceeding, regardless of whether the instruction is deemed to be incorrect or misleading. Although petitioners do not dispute that petitioner earned income subject to self-employment tax, they nonetheless counter that they are entitled to summary judgment on the grounds that: (1) Respondent abused her discretion by issuing a false and misleading tax return instruction; and (2) the doctrine of estoppel should apply to bar respondent from assessing self-employment tax where petitioners relied on a false and misleading instruction. Significantly, petitioners do not dispute the *128 mathematical computation that respondent employed in arriving at the self-employment tax determined to be due. Discussion
Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); , affd. ; ; . The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. ; . The record in this case shows that there is no genuine issue as to any material fact *129 and that a decision may be rendered as a matter of law. In particular, there is no dispute that petitioners failed to report and pay self-employment tax with respect to the self-employment income that petitioner earned in practicing law. Consequently, we need only decide whether the instruction that petitioners allege to be misleading serves to preclude respondent from determining a deficiency in this proceeding. We hold that it does not. Petitioners' position is contrary to the well-established principle that the authoritative sources of Federal tax law are statutes, regulations, and judicial decisions, and not informal publications. , affd. without published opinion ; ; see also ; , affg. ; . *130 Thus, even if we assume for the sake of argument that the instruction in question is incorrect or misleading, we would have no basis for holding that respondent abused her discretion or is estopped from determining a deficiency. In short, petitioners cannot rely on informal IRS instructions to justify a reporting position that is otherwise inconsistent with the controlling statutory provisions. , affg. ; . Moreover, if it were necessary to reach the point, we would reject petitioners' contention that the instruction in question is misleading. The instruction states that a taxpayer may owe self-employment tax if he or she received self-employment income and "earned under $ 125,000 in wages from which social security tax, Medicare tax, or railroad retirement (RRTA) tax was withheld". Certainly, the instruction can, and should, be read to apply to a taxpayer, such as petitioner, who reported self-employment income but did not report any wages from which Social Security tax, *131 Medicare tax, or Railroad Retirement (RRTA) tax was withheld. After all, if a taxpayer did not earn any wages during a calendar year, such taxpayer necessarily "earned under $ 125,000 in wages". An argument made by a lawyer that is essentially premised on the basis that $ 0 is somehow not less than $ 125,000 is pure sophistry. To reflect the foregoing, An order granting respondent's Motion for Summary Judgment and denying petitioners' Motion for Summary Judgment will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time that the petition was filed, petitioners resided in Austin, Texas.↩